**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ZAINAB MOHAMMED, | DOCKET NUMBER |
| Appellant, | SF-1221-15-0093-W-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: September 11, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Zainab Mohammed, Monterey, California, pro se.

William L. Sims, Monterey, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision in this individual right of action (IRA) appeal, which granted in part and denied in part the appellant's request for corrective action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        In this IRA appeal, the appellant, an Assistant Professor at the agency's Defense Language Institute Foreign Language Center, asserted that the agency took numerous personnel actions in retaliation for allegedly protected disclosures she claimed to have made on February 12 and 22, 2013. Initial Appeal File (IAF), Tabs 1, 14. The appellant claimed to have disclosed to a dean at the Foreign Language Center that her supervisor violated rules, wasted government funds, abused his authority, and committed a prohibited personnel practice involving a violation of the appellant's right to compete. IAF, Tab 14. The administrative judge found jurisdiction over the appeal and held a hearing. IAF, Tab 37, Initial Decision (ID) at 1.

¶3        In her initial decision, the administrative judge found that the appellant had exhausted her administrative remedies before the Office of Special Counsel (OSC) and that a reasonable person with knowledge of the essential facts could reasonably conclude that the appellant's supervisor had violated a law, rule, or regulation, or had abused his authority when he, as the appellant alleged in her

purported disclosure, gave preferential treatment to other teachers. ID at 10. The administrative judge further found that the deciding official had knowledge of this disclosure at the time it occurred. ID at 11. As for the appellant's other alleged disclosures, because the appellant failed to provide any evidence to support her alleged disclosure that her supervisor had either engaged in gross mismanagement or was responsible for a gross waste of funds, the administrative judge determined that a reasonable person with knowledge of the essential facts could not reasonably conclude that such wrongdoing occurred. *Id.*

¶4      The administrative judge analyzed the several personnel actions for which the appellant had exhausted her administrative remedies and found four that only qualified as such under the Whistleblower Protection Enhancement Act (WPEA): (1) contract renewals for less than 1 year; (2) letters of counseling that contain a threat of disciplinary or other corrective action; (3) unfavorable or low performance evaluation, and; (4) reassignment to another department. ID at 13-14. Of the three letters of counseling the appellant alleged that she received in reprisal for her protected disclosures, the administrative judge found that the letters issued on March 11, 2013, and January 16, 2014, did not threaten discipline such that either one could be considered a personnel action. ID at 19-20. The administrative judge found that the third letter dated March 19, 2013, which concerned the disruption following the agency's investigation of the appellant's disclosures, threatened disciplinary action and therefore was a personnel action under the WPEA. ID at 20-22.

¶5      Regarding the appellant's contract renewals, performance evaluations, and reassignment, the administrative judge determined that the agency established by clear and convincing evidence that it would have taken those three personnel actions in the absence of the appellant's protected activity. ID at 14-18. The administrative judge, however, found that the agency failed to establish by clear and convincing evidence that it would have issued the March 19, 2013 letter of counseling absent the appellant's protected activity. ID at 20-22. Having found

that the appellant proved that she established a prima facie case of whistleblower reprisal and that the agency did not meet its burden of showing it would have issued the March 19, 2013 letter absent her protected disclosure, the administrative judge ordered corrective action.  ID at 22.

¶6    The appellant filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency filed a response in opposition, and the appellant filed a reply to the agency's response.  PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7    The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before OSC and makes nonfrivolous allegations that: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  Once an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim.  *E.g.*, *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 9 (2014).  To prevail on the merits of her claim, the appellant must prove by preponderant evidence (1) that she reasonably believed she made a protected disclosure concerning one or more categories of wrongdoing enumerated in section 2302(b)(8), and (2) that her protected disclosure was a contributing factor in the challenged personnel action.  *Id*., ¶ 10.  If the appellant makes such a showing, the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the same action in the absence of the disclosure.  *Id*.; *see* 5 U.S.C. § 1221(e)(2).

¶8    In determining whether an agency has met this burden, the Board will consider the following factors:  (1) the strength of the agency's evidence in

support of the action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015) (citing *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999)). The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence. Rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole. *Id*. Moreover, evidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record and despite the evidence that fairly detracts from that conclusion. *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

<u>The appellant's contentions on review do not provide a basis for disturbing the administrative judge's findings regarding which agency actions constituted personnel actions under the WPEA.</u>

¶9 In her timely filed petition for review, the appellant first argues that the administrative judge incorrectly found that the harassment that she claimed she experienced did not rise to the level of a significant change in working conditions such that it was a personnel action under the WPEA. PFR File, Tab 1 at 7-10. Specifically, the appellant had alleged that her supervisor harassed and discriminated against her on account of her Iraqi accent and enrolled her in Arabic Grammar and English classes in reprisal for her protected activity. IAF, Tab 4 at 9; ID at 13.

¶10 We find the appellant's contention unpersuasive. The appellant conceded in her petition for review that the grammar workshops at issue were intended for all teachers, not just for her, and that the English classes at issue were offered to all faculty on a voluntary basis in acknowledgment that they are not native speakers. PFR File, Tab 1 at 8-9. In light of the appellant's concessions that the classes

were generally offered to all faculty and her claim that she had already attended several of them before her supervisor instructed her to do so, *id.* at 9, we agree with the administrative judge that enrolling the appellant in these classes did not represent a significant change in working conditions, ID at 13.

¶11 The appellant also contends on review that the administrative judge erred in finding that the March 11, 2013 and January 16, 2014 letters of counseling did not constitute personnel actions under the WPEA. PFR File, Tab 1 at 14. Regarding these two letters of counseling, the administrative judge found that neither of them qualified as personnel actions under the WPEA because they did not contain an actual threat of a personnel action. ID at 19. The appellant offers no new argument or evidence on review that would cause us to revisit the administrative judge's conclusions on this issue.

<u>The appellant does not provide a reason for disturbing the administrative judge's finding that the agency met its burden of proof with regards to three of the personnel actions.</u>

¶12 The appellant also challenges the administrative judge's finding that the agency met its burden of showing that it would have renewed the appellant's contracts for less than 1 year in the absence of her protected whistleblowing. PFR File, Tab 1 at 10-14; *see* ID at 14-17. In this regard, the administrative judge found that the agency's decision to renew the appellant's contract for less than 1 year was not retaliatory because the record reflected that the agency made its decision on one of the contract renewals prior to the appellant's disclosure and that, in any event, it had legitimate reasons in each instance not to recommend a 12-month renewal. ID at 14-17. Furthermore, the administrative judge found no evidence to show that the agency officials involved had any motive to retaliate against the appellant with respect to renewing contracts, noting that the appellant's most recent contract renewal was for a full 12 months. ID at 15-16.

¶13 The appellant has failed to provide a basis for disturbing these findings on review. In support of her argument that the agency decided at the last minute to

cut the renewal term of her contract in reprisal for her protected activity, the appellant argues that the February 12, 2013 memorandum that the administrative judge relied upon to find that the agency met its burden of proof is falsified because it does not match another agency official's memorandum recounting a February 14, 2013 meeting that was called in order to review the issues set forth in the February 12 memorandum. PFR File, Tab 1 at 11-12. The appellant contends that, because the memoranda do not match, the February 12 memorandum was instead recently drafted in order to protect the agency official involved. *Id.* at 12.

¶14        We disagree. The fact that the first memorandum recounts the agency official's statement that he had already decided to renew the appellant's contract, and that the renewal could be for 3, 6, or 9 months, and the second memorandum does not mention this fact, does not necessarily establish that the first memorandum was falsified, as the documents were drafted by different persons regarding two related, but completely separate events. *Compare* IAF, Tab 16 at 6-7, *with* IAF, Tab 25 at 20. Moreover, even if the point at issue was omitted from the discussion at the February 14 meeting, that fact alone would not necessarily establish that it was not discussed on February 12. The appellant also argues that the memorandum was inconsistent with other testimony regarding why the agency renewed the appellant's contract for less than a full 1-year term. PFR File, Tab 1 at 12-14. Although she accuses several individuals of providing false testimony, *id.* at 7-13, she provides only scant and conclusory support for her assertions and identifies no other evidence in the record that would either give credence to her version of these events or provide impetus for overturning the administrative judge's findings on this issue.

¶15        In the second instance, the administrative judge found that the appellant's score on student evaluations, as well as hearing testimony that the appellant had consistent problems in the areas of teamwork and English language ability, provided strong evidence in support of the agency's actions regarding the renewal

term of the appellant's contract.  ID at 15.  The administrative judge further found no evidence that either the proposing or deciding officials had a motive to retaliate against the appellant with regard to the renewal of her contract, *id.*, and the appellant does not identify any such motive on review.  As for the third *Carr* factor, the record does not address any circumstances in which the agency took a similar action against an employee who is not a whistleblower and is similarly situated.  *Carr*, however, does not impose an affirmative burden on the agency to produce evidence on each individual factor, none of which is in and of itself outcome determinative, and with respect to the third *Carr* factor, the absence of any evidence in that regard can effectively remove it from the analysis. *Whitmore*, 680 F.3d at 1374; *Carr*, 185 F.3d at 1323.  Again, the appellant's arguments challenge individual determinations made by the administrative judge with regard to this contract renewal, *e.g.*, PFR File, Tab 1 at 13-14, but her arguments do not illustrate that the administrative judge erred in her adjudication of the facts or her application of those facts to the law.

¶16    To the extent the appellant also is contending that the administrative judge erred in finding that the agency established that it would have given her unfavorable performance evaluations and reassigned her in the absence of her whistleblowing activity, we discern no basis for disturbing the administrative judge's finding that the agency met its burden of proof on these personnel actions.  As for the appellant's performance evaluations, the administrative judge found that the appellant received consistent ratings both before and after her disclosure.  ID at 17.  The administrative judge found that the appellant's reassignment to another department was not retaliatory because the agency regularly reassigns teachers according to the changing needs of the mission, and the appellant's transfer helped solve office issues.  ID at 18.  Moreover, the administrative judge found, and the appellant has not contested, that the appellant had requested a reassignment.  ID at 17-18.  The appellant has not provided a reason for disturbing these findings on review.

¶17    Based on the foregoing, we find that the appellant has not provided a basis for disturbing the initial decision.  Neither party challenges the administrative judge's decision to order corrective action concerning the third letter of counseling.  Accordingly, we affirm the initial decision.

**ORDER**

¶18    We ORDER the agency to rescind the March 19, 2013 Notice of Counseling and purge all copies from agency records, in order to restore the appellant to the situation she would have been in absent the agency retaliatory action.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶19    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶20    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If

you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST CONSEQUENTIAL OR COMPENSATORY DAMAGES

You may be entitled to be paid by the agency for your consequential damages, including medical costs incurred, travel expenses, and any other reasonable and foreseeable consequential damages. To be paid, you must meet the requirements set out at 5 U.S.C. §§ 1214(g) or 1221(g). The regulations may be found at 5 C.F.R. §§ 1201.202, 1201.202 and 1201.204.

In addition, the Whistleblower Protection Enhancement Act of 2012 authorized the award of compensatory damages including interest, reasonable expert witness fees, and costs. 5 U.S.C. § 1214(g)(2).

If you believe you meet these requirements, you must file a motion for consequential damages and/or compensatory damages WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE PARTIES

A copy of the decision will then be referred to the Special Counsel "to investigate and take appropriate action under [5 U.S.C.] section 1215," based on the determination that "there is reason to believe that a current employee may have committed a prohibited personnel practice" under 5 U.S.C. § 2302(b)(8). 5 U.S.C. § 1221(f)(3).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their

respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

 If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                            William D. Spencer
                            Clerk of the Board

Washington, D.C.